**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Hillside Condominium Unit Owners Association, | : | |
| | : | |
| | : | Case No. 2:25-cv-01038 |
| Plaintiff, | : | |
| v. | : | Judge Graham |
| | : | |
| American Alternative Insurance Corporation, | : | Magistrate Judge Jolson |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court upon a motion to compel appraisal and stay litigation filed by Plaintiff Hillside Condominium Unit Owners Association ("Hillside"). Doc. 13. Defendant American Alternative Insurance Corporation ("AAIC") opposes the motion. Doc. 16. For the reasons that follow, the Court **GRANTS** the motion.

Hillside and AAIC are parties to an insurance policy agreement (the "Policy") which insured Hillside's properties from January 26, 2023, to January 26, 2024. Doc. 14. Hillside claims that its properties were damaged by a hailstorm on July 23, 2023. *Id.* AAIC claims that any damage identified on the property happened outside the coverage period. Doc. 16.

The subject Policy provides that if the parties "disagree on the amount of loss or value of property, either may make a written demand for an appraisal of the loss," triggering a mutual obligation to participate in the appraisal process. Doc. 15-1, # 309. AAIC retains the right to deny coverage in the event of an appraisal. *Id.*

[1]

Between April 2024 and June 2025, Hillside made four (4) written demands for an appraisal under the Policy. Doc. 15, # 156-57. AAIC has refused to participate in the appraisal, taking the position that the parties do not "disagree on the amount of loss or value of property," per the Policy language. Instead, AAIC contends that "this dispute is about whether any of the 244 items listed on the [damage estimate] were the direct result of a hail event on July 23, 2023." Doc. 16, # 347.

The Court concludes that AAIC is attempting to draw a distinction without a difference. This Court agrees with the reasoning of other courts which have held that determining the amount of loss "requires appraisers to separate covered damage from uncovered damage." *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-CV-0549, 2022 WL 3584263, at *2 (N.D. Ohio Aug. 22, 2022). Therefore, whether the property damage was a direct result of the July 23, 2023, storm—as AAIC frames the dispute—is a necessary part of determining the amount of covered loss.

The Court is not persuaded by AAIC's argument that determinations of coverage are legal questions and thus the province of the Court. The dispute over the amount of damage caused by the July 23, 2023, storm is a factual dispute, not a legal one. The Court cannot answer this question by constructing the Policy language one way or another. The parties do not dispute that property damage caused by a storm on the subject date *would* be covered by the policy. An appraisal is the proper mechanism to determine the amount of damage, if any, and Hillside's right to such an appraisal under the Policy is clear. And, as noted, AAIC retains the right to deny coverage following an appraisal.

[2]

**CONCLUSION**

For the reasons stated above, the Court finds Plaintiff Hillside Condominium Unit Owners Association's motion to be well-taken and hereby **GRANTS** the same. The Court **ORDERS** the parties to proceed with the appraisal process as described in the Policy. The Court further **ORDERS** that this matter be **STAYED** pending the results of the appraisal.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: May 12, 2026

[3]